# IN THE COURT OF APPEALS OF IOWA

No. 19-0204
Filed August 19, 2020

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**JOSEPH JACKSON III,**
　　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Nancy S. Tabor, Judge.

Joseph Jackson appeals his conviction of possession of contraband in a correctional institution. **AFFIRMED.**

Kent A. Simmons, Bettendorf, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Bower, C.J., May, J., and Scott, S.J.* Tabor, J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**SCOTT, Senior Judge.**

Joseph Jackson appeals the sentence imposed upon his conviction of possession of contraband in a correctional institution. He argues the sentencing court erroneously concluded he was being sentenced "for a crime committed while confined in a detention facility or penal institution," and as such ordering he serve his sentence consecutively to his already existing sentence. *See* Iowa Code § 901.8 (2018).

At the time of the underlying facts, Jackson was residing at the Davenport Work Release Center, a "community based correctional center," "a minimum security release program for individuals that are released from federal and state corrections that come into the institution for various crimes." The center is operated by the Judicial District Department of Correctional Services. The crime occurred at the center.

On appeal, Jackson essentially argues being assigned to the work release center does not equate to being "confined" as required by section 901.8. As such, he argues imposition of a consecutive sentence was not mandatory and the court improperly failed to exercise its discretion in sentencing. We recently rejected a largely identical argument. *See State v. Ruiz*, No. 18-1703, 2020 WL 2487891, at *3 (Iowa Ct. App. May 13, 2020) ("[W]ork release was confinement 'in a detention facility or penal institution.'"); *see also State v. Mabry*, No. 14-1424, 2015 WL 4642483, at *1 (Iowa Ct. App. Aug. 5, 2015); *Wayman v. State*, No. 13-1850, 2014 WL 7343428, at *3 (Iowa Ct. App. Dec. 24, 2014).[1] We see no reason to change

---

[1] While Jackson argues unpublished opinions of this court "have no precedential value," and we agree "[u]npublished opinions or decisions shall not constitute

course. The consecutive sentence was mandatory, and there was no discretion to exercise. We affirm the sentence imposed.

**AFFIRMED.**

---

controlling legal authority," Iowa R. App. P. 6.904(2)(c), we find our previous holdings persuasive and useful in guiding us.